The Honorable Mary Jo Heston
Chapter 7
Tacoma, WA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESSICA LYNN HULET,<br><br>    Debtor(s), | CAUSE NO. 18-43371-MJH<br><br>**ADVERSARY NO.** |
| CHRISTIAN M. BURGESS,<br><br>    Plaintiff(s),<br>v.<br>JESSICA L. HULET,<br><br>    Defendant(s). | **COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT PER 11 U.S.C. §523** |

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF A DEBT PER 11 U.S.C. §523**

Plaintiff, Christian M. Burgess, through counsel, states as and for its Complaint against Jessica L. Hulet, Defendant, as follows:

*Jurisdiction and Venue*

1. Both plaintiff and defendant are individuals.

2. Both plaintiff and defendant are residents of Grays Harbor County, Washington. At the

Complaint to Determine Dischargeability of
A Debt Per USC §523 - 1 -

CONNOLLY TACON & MESERVE
ATTORNEYS AT LAW · A PROFESSIONAL SERVICES CORPORATION
201 5th Avenue SW, Suite 301 · Olympia, Washington 98501
Tel: (360) 943-6747 Fax: (360) 943-9651

time the debt was incurred, plaintiff and defendant were residents of Grays Harbor County, Washington.

3. This Court has subject matter jurisdiction over this civil proceeding pursuant to 28 U. S. C. §157(a) and (b), and §1334(a), (b) and (e).

4. This civil proceeding arises in a case under Title 11.

5. This civil proceeding is a core proceeding pursuant to 28 U. S. C. §157(b)(2)(A) and (I).

6. Venue for this civil proceeding is proper in this district pursuant to 28 U. S. C. §1409. Jessica L. Hulet intentionally stole funds from Christian M. Burgess in the amount of $11,835.00.

On June 14, 2014, Jessica L. Hulet admitted to taking those funds and agreed to pay the funds back, as well as any additional fees should the matter be taken to court. A copy of that agreement is attached and marked as Exhibit A.

7. The defendant signed a valid promissory note on June 14, 2014.

8. The Grays Harbor District Court of Washington signed an Order Reducing Payments to Judgment on May 31, 2017, finding the defendant, Jessica Hulet, owed the principal amount of $11,475.00 plus interest in the amount of $4,646.54 and attorney fees and costs in the amount of $3,542.31. The interest rate for judgment is 12%.

9. Plaintiff Burgess was in the process of garnishing Debtor Hulet's wages at the time this bankruptcy was filed. Those garnished funds were returned to the Debtor/Defendant.

10. Section 523(a)(4) of the Bankruptcy Code excepts from discharge any debt that results from "fraud or defalcation by one acting in a fiduciary capacity, or of a debt arising from embezzlement or larceny."

Complaint to Determine Dischargeability of
A Debt Per USC §523 - 2 -

CONNOLLY TACON & MESERVE
ATTORNEYS AT LAW · A PROFESSIONAL SERVICES CORPORATION
201 5th Avenue SW, Suite 301 · Olympia, Washington 98501
Tel: (360) 943-6747 Fax: (360) 943-9651

11. Section 523(a)(6) of the Bankruptcy Code excepts from discharge any debts "for willful and malicious injury by the debtor to another entity or property of another entity."

12. Under the facts and circumstances of this matter, specifically as established by the attached exhibit, Defendant Jessica L. Hulet has committed the offense of larceny that gave rise to civil liability. As a result, the debt should be declared non-dischargeable under 11 U.S.C. §523(a)(4).

13. In the alternative, the Defendant intentionally committed a wrongful act, which caused injury, and was done without just cause or excuse thus satisfying the lesser burden of 11 U.S.C. §523(a)(6)

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

A. Order and adjudge that because the Defendant's acts constitute embezzlement within the meaning of 11 U.S.C. §523(a)(4), the Plaintiff's claim against the Defendant is therefore non-dischargeable.

B. In the alternative, to order and adjudge that Defendant's acts constitute a willful and malicious injury within the meaning of 11 U.S.C. §523(a)(6), and that the Plaintiff's claim against the Defendant is therefore non-dischargeable.

C. Enter an order lifting the automatic stay and permit the Plaintiff to enforce its Civil Judgment in any appropriate forum having jurisdiction.

Dated: December 31, 2018.

s/ Jonathan A. Sprouffske
Jonathan A. Sprouffske, WSBA# 39293
Attorney for Plaintiff Christian M. Burgess

CONNOLLY TACON & MESERVE
ATTORNEYS AT LAW · A PROFESSIONAL SERVICES CORPORATION
201 5th Avenue SW, Suite 301 · Olympia, Washington 98501
Tel: (360) 943-6747 Fax: (360) 943-9651